■ JOHN J. MCDONALD et al., Respondents, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY et al., Defendants, and ANNMARIE R. MILLER, Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Hughes, J.), entered August 11, 1987 in Albany County, which denied defendant Annmarie R. Miller's motion for partial summary judgment and granted plaintiffs partial summary judgment dismissing an affirmative defense in said defendant's amended answer.

In February 1981, plaintiff John J. McDonald was in a motor vehicle accident with two other vehicles, a car owned by defendant Bryan P. De Giorgio, which was driven by defendant Annmarie R. Miller, and a bus owned by defendant Capital District Transportation Authority, which was driven by defendant Ellen S. Hogan. Following the accident, McDonald submitted medical bills to his insurance carrier. Payment was denied and arbitration ensued as to an unpaid balance of less than $500. While McDonald was awarded $166.74, the arbitration decision went on to state that no treatment was necessary after June 15, 1981 for injuries related to the accident.

McDonald and his wife commenced this action in August 1981. In September 1986, over five years after the commencement of the action, Capital District Transportation Authority and Miller moved to amend their answers to assert the affirmative defense of collateral estoppel. They sought dismissal of all of plaintiffs' claims for damages arising after June 15, 1981 upon the ground that the no-fault arbitration decision collaterally estopped recovery for such damages. Supreme Court granted amendment of the answers. However, upon consideration of the merits of the collateral estoppel defense, Supreme Court concluded that the defense did not apply to the facts at hand. Only Miller has appealed.

Collateral estoppel can only be invoked where an identical issue was necessarily decided in a prior action and there was a full and fair opportunity to litigate the issue in the prior action (see, e.g., Kaufman v Lilly & Co., 65 NY2d 449, 455). Here, the arbitration involved a relatively insignificant sum of money. The arbitration was not decided by an individual trained as a lawyer. McDonald was discouraged from personally attending the proceeding or having his attorney or physician appear. Indeed, appearance by his attorney and/or physician would have been economically infeasible. Hence, the arbitrator's decision was based solely upon submitted medical reports. Further, it is interesting to note that while the arbitrator felt that no treatment was necessary after June 15, 1981, an Administrative Law Judge with the Federal Department of Health and Human Services rendered a decision on April 29, 1982 in which he concluded that McDonald was and continued to be disabled, and faced future surgery due to injuries suffered in the February 1981 accident. In light of the above, we find Miller's contention that the arbitration decision should collaterally estop plaintiffs from seeking recovery in

the current action for damages arising after June 15, 1981 to be totally without merit.

Miller's contention that plaintiffs' papers were insufficient to defeat the motion for summary judgment is also meritless.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.